UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff/Respondent, | § <br> § <br> § | |
| v. | § <br> § | CRIMINAL NO. 6:16-89 <br> CIVIL NO. 6:19-78 |
| MARCO ANTONIO NAVARRO, <br> Defendant/Movant. | § <br> § | |

**MEMORANDUM OPINION & ORDER**

On July 18, 2019, the Clerk received a letter motion from Defendant/Movant Marco Antonio Navarro seeking to vacate his sentence and conviction under the Supreme Court's recent decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). D.E. 34. The Court issued a *Castro* Order ordering Movant to advise the Court within 30 days whether he wanted his letter to be characterized as a motion pursuant to 28 U.S.C. § 2255 and, if he did, to file an amended § 2255 motion with all claims using the standard form. D.E. 35. Movant filed an amended § 2255 motion and response to the Court's *Castro* Order on August 17, 2019 (D.E. 37, 38), to which the Government responded (D.E. 43).

**I. BACKGROUND**

In 2017, Movant pled guilty to being a felon in possession of four firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1)[1] and possession with intent to distribute approximately 44.22 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2). His plea was pursuant to a written plea agreement in which he waived

---

1. Count 1 included the following firearms and ammunition: (1) a Springfield XD-40, .40 caliber semi-automatic pistol; (2) twelve rounds of Smith and Wesson .40 caliber ammunition; (3) a Smith and Wesson .38 special caliber revolver; (4) a Taurus .38 caliber revolver; (5) six rounds of .38 caliber ammunition; (6) a Smith and Wesson, .380 caliber semi-automatic pistol; (7) five rounds of Sellier and Bellot (S&B) 9mm ammunition; and 8) one round of Remington-Peters .380 caliber ammunition

1

his right to appeal or collaterally attack his conviction or sentence, except to raise a claim of ineffective assistance of counsel. D.E. 9 ¶ 7. He was sentenced to 120 months on each count, to be served concurrently.

Despite the waiver of appeal contained in his plea agreement, Movant appealed to the Fifth Circuit Court of Appeals. *Navarro v. United States*, U.S.C.A. No. 17-40646. His appellate counsel filed a brief pursuant to *Anders* v. *California*, 386 U.S. 738 (1967), in which he analyzed the record and issues, concluded that there were no non-frivolous issues to appeal, and requested to withdraw as attorney of record. The Fifth Circuit concurred and affirmed Movant's judgment and conviction on April 17, 2018. He did not file a petition for certiorari.

Movant filed his original letter motion on July 15, 2019, and his amended § 2255 motion on August 17, 2019.

## II. MOVANT'S ALLEGATIONS

Movant's original letter motion alleges that his conviction for being a felon in possession of firearms and ammunition is unconstitutional under *Rehaif*. In his amended § 2255 motion, Movant repeats his *Rehaif* claim and further alleges that: (1) his trial counsel was ineffective and coerced him to plead guilty by promising him a 48-month sentence and (2) his sentence was miscalculated based on actual methamphetamine, rather than a mixture or substance containing methamphetamine.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the

statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam). Movant's conviction became final on July 16, 2018, the last day to file a timely petition of certiorari with the Supreme Court.

Movant's original letter motion, which alleges that his conviction for being a felon in possession of firearms and ammunition is unconstitutional under *Rehaif*, was filed on July 15,

---

2. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2019, and is therefore timely. However, Movant's claims alleging ineffective assistance of counsel and sentencing miscalculation—filed August 17, 2019—involve different factual and legal questions than his original claim under *Rehaif*. These claims therefore do not relate back to Movant's original § 2255 motion and are time barred under AEDPA. *See Mayle v. Felix*, 545 U.S. 644, 657–59 (2005).

### C. Waiver

Under the terms of his written plea agreement Movant waived his right to collaterally attack his conviction or sentence under § 2255 except to raise a claim of ineffective assistance of counsel. However, the Government has not moved to enforce the waiver in this case.

### D. *Rehaif*

Movant states that his conviction under 18 U.S.C. §§ 922(g) and 924(a)(2) is unconstitutional in light of the Supreme Court's recent decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019), because the Government "[m]ust present to [the] court I knew 18 U.S.C. 922(g) was a law and that I fit into that certain category of defendants—violation of due process of law." D.E. 37, p. 4. Movant further states that he was "never informed that there was a federal law 18 USC 922(g) and that he fit into a certain category of individuals barred under federal law from possessing a firearm." D.E. 38, p. 1.

18 U.S.C. § 922(g) provides that "[i]t shall be unlawful" for certain individuals to possess firearms, including convicted felons, mentally ill persons found by a court to present a danger to the community, stalkers, harassers, perpetrators of domestic violence, unlawful drug users, and illegal aliens. Section 924(a)(2) adds that anyone who "knowingly violates" § 922(g) shall be fined or imprisoned for up to 10 years. 18 U.S.C. § 924(a)(2). The defendant in *Rehaif* challenged his

4

conviction under 18 U.S.C. § 924(a)(2) on the grounds that he did not know he was an illegal alien at the time he possessed a firearm.[2] The Supreme Court held:

> The question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

*Rehaif*, 139 S.Ct. at 2194.

Movant's *Rehaif* claim fails for a number of reasons. First, "the Supreme Court did not announce a new rule made retroactive in *Rehaif*; rather, *Rehaif* merely interpreted the statute, § 922(g), to require the government to show that the defendant knew he possessed a firearm and that he had the relevant status when he possessed it." *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review)). Next, contrary to Movant's assertions, *Rehaif* merely held that a defendant must be aware of his relevant status, not that his status made it illegal for him to possess a firearm under § 922(g). *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("[I]n a prosecution under § 922(g)(3), the Government arguably must prove that defendants knew they were unlawful users of a

---

2. Rehaif entered the United States on a nonimmigrant student visa to attend university, but after he received poor grades, the university dismissed him and told him that his immigration status would be terminated unless he transferred to a different university or left the country. He did neither. After Rehaif later visited a firing range and shot two firearms, the Government prosecuted him for possessing firearms as an alien unlawfully in the United States, in violation of § 922(g) and § 924(a)(2). At the close of trial, the judge instructed the jury (over Rehaif's objection) that the "United States is not required to prove" that Rehaif "knew that he was illegally or unlawfully in the United States." The jury returned a guilty verdict, and Rehaif was sentenced to 18 months' imprisonment. Rehaif appealed, arguing that the judge erred in instructing the jury that it did not need to find that he knew he was in the country unlawfully. The Eleventh Circuit concluded that the jury instruction was correct and affirmed Rehaif's conviction.

5

controlled substance, but not, as defendants appear to argue, that they knew unlawful users of controlled substances were prohibited from possessing firearms under federal law").

Finally, Movant's claim that he was unaware he was a convicted felon is belied by the record. *See United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019) (fact that defendant served more than five years in prison, combined with a jailhouse phone call in which he attempted to find someone else to claim ownership of the firearm, showed he knew he had been convicted of "a crime punishable by imprisonment for a term exceeding one year" when he possessed a firearm). In pleading guilty, Movant confirmed he had a prior conviction for engaging in organized criminal activity and was sentenced to 10 years in prison. 1/3/2017 Rearraign. Hrg. Tr., D.E. 25 pp. 24:18–25:12. He further stated at sentencing, "I was sentenced to prison, and when I got out of prison, they had me in a safe cell, meaning a cell by yourself for a couple of years." 6/5/2017 Sent. Hrg. Tr., D.E. 26. pp. 13:16-18. Movant stated that he "didn't have no guns when [he] walked out of prison. I only bought those guns afterwards. . . . That don't make it right, you know. I'm wrong." *Id.* at 14:4-11. Movant submitted a statement in support of acceptance of responsibility admitting that he "knowingly possessed a firearm and ammunition while a convicted felon. . . . I knew I was breaking the law by doing this. I am very remorseful for my conduct." PSR, D.E. 11 ¶ 16. He also stated to Probation Officers that he tried to hide the firearms and ammunition after being notified police were approaching and that he had considered going on the run or getting in a shoot-out with law enforcement. *Id.* ¶11.

In sum, even if *Rehaif* did announce a new rule of constitutional law made retroactive on collateral review, Movant would not be entitled to relief because the record conclusively demonstrates that he knew he was a convicted felon and was acting unlawfully by possessing firearms and ammunition. Accordingly, this claim is dismissed.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As for claims that the court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

7

## V. CONCLUSION

For the foregoing reasons, Movant's letter motion and amended motion under 28 U.S.C. § 2255 (D.E. 34, 37) are **DENIED**, and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 11th day of February, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE